UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICCY MARADIAGA and CARLOS G.
SORDIA-MARTINEZ, individually and on
behalf of J.C.S.D., a minor,

    Plaintiffs,

v.                                          CASE NO: 8:10-cv-2673-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is the Defendant United States of America's Dispositive Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 15), and Plaintiffs' Response. (Dkt. 17).  After careful consideration of the file and the applicable law, the Court concludes that the motion should be granted.

The Government launches a factual attack, one based on extrinsic evidence, to show its sovereign immunity from suit based on the exclusive remedy provided by Florida's Birth-Related Neurological Injury Compensation Act (NICA), sections 766.301-316, Florida Statutes.[1]  This case is brought pursuant to the Federally Supported Health

---

[1] Section 766.303(2) provides that the rights and remedies granted by the Florida Birth-Related Neurological Injury Compensation Plan "shall exclude all other rights and remedies of such infant, . . ."

Centers Assistance Act of 1992 (FSHCAA), as amended, 42 U.S.C. § 233, which incorporates the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* (the FTCA). The FTCA, as a limited waiver of sovereign immunity,[2] makes the Government liable only "in the same manner and to the same extent as a private individual under like circumstances." 18 U.S.C. § 2674. Thus, the question is whether the state in which the alleged misconduct occurred, in this case, the birth, would permit a cause of action. See Carlson v. Green, 446 U.S. 14, 23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

In this case, the minor child suffers with cerebral palsy and various other maladies allegedly arising from the negligence of a physician, Dr. Karen Stanton, and a certified nurse midwife, Corinne Audette, during delivery and resuscitation in the immediate postdelivery period. Both were contractors of the federally supported health center, Lakeland Regional Medical Center. Both were participants of NICA at the time of the alleged negligent birth, to the extent that they have certificates supporting same for the relevant time period on or about December 27, 2008.[3] Plaintiffs gave notice,[4] and filed their petition for benefits with the State of Florida, Division of Administrative Hearings, pursuant to NICA.[5]

---

[2] See Auger v. U.S., 382 Fed.Appx. 901, 902 (11th Cir. 2010).

[3] See Certificates of Participants pursuant to NICA attached to the motion at docket 15, exhibits B & C.

[4] See Notice attached to the motion at docket 15, exhibit D.

[5] See Petition attached to the motion at docket 15, exhibit E.

The issue, as posed by Plaintiffs, centers around whether Dr. Stanton and Midwife Audette were "participating physicians" under NICA. Under Florida law, NICA defines a "participating physician" as a physician licensed to practice obstetrics or perform obstetric services in Florida. See Fla. Stat. § 766.302(7). Section 766.302(7) further provides that a "participating physician" does "not apply to any physician who practices medicine as an officer, employee, or agent of the Federal Government." Plaintiffs contend that this phrase exempts Dr. Stanton and Midwife Audette from the immunity under NICA. The Government successfully persuades this Court otherwise.

The Eleventh Circuit has held that the Florida legislature "cannot expand the Government's liability beyond that which could flow from an analogous private activity" under the FTCA. Scheib v. Florida Sanitarium & Benev. Ass'n, 759 So.2d 859, 864 (11th Cir. 1985).[6] The reasoning of Scheib may be applied to this case. In Scheib, the fact that a physician with the armed forces was not licensed in Florida did not deny the physician the protection of Florida's collateral source statute, section 768.50. Consequently, state law may not attempt to exclude the federal government from the protection provided by a state statute, in this case, NICA. Cf. Fonseca v. U.S., 474 F.Supp.2d 1011, 1012 (E.D. Wis. 2007).

In the instant case, the fact that Dr. Stanton practices medicine as an agent of the Government does not take her out of the protection of NICA. Because Dr. Stanton is a

---

[6] See also Turner v. U.S., 514 F.3d 1194, 1205 (11th Cir. 2008).

certified participating physician under NICA, she holds an analogous position to a private individual in the state who is a state-licensed physician protected by NICA.[7] Dr. Stanton would be provided protection as a licensed Florida physician certified by NICA, and her status as a federal contractor does not limit her protection.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)  Defendant United States of America's Dispositive Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 15) is **GRANTED**.

(2)  This case is hereby dismissed for lack of jurisdiction.

(3)  The clerk is directed to CLOSE the file.

**DONE AND ORDERED** at Tampa, Florida, on April 5, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[7]  Unlike the physicians in the cases cited by Plaintiffs, Lopez v. Florida Birth-Related Neurological Injury Comp. Ass'n, DOAH Case No. 09-4150N, 2009 WL 2495456 (Oct. 27, 2009), and Calixte v. Florida Birth-Related Neurological Injury Comp. Ass'n, DOAH Case No. 09-6428N, 2010 WL 1938022 (May 11, 2010), Dr. Stanton was properly certified with NICA.